UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY FRANCIS CREE,<br><br>Defendant. | Criminal No. 12-26(4) (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER ON THE AUGUST 6, 2012 ORDER OF THE MAGISTRATE JUDGE** |

Andrew R. Winter and Steven L. Schleicher, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

John C. Brink, **JOHN C. BRINK, LAWYER**, 331 Second Avenue South, Suite 110, Minneapolis, MN 55401, for defendant.

The United States filed a superseding indictment against Anthony Francis Cree and other defendants, alleging that Cree is a member of the Native Mob gang and engaged in a conspiracy to participate in racketeering activity, among other crimes. United States Magistrate Judge Janie S. Mayeron issued an order addressing various motions filed by Cree and other defendants. (Docket No. 729.) Cree has objected to the order on four grounds. (Docket No. 787.) The Court will overrule Cree's objections, except to find that Cree is entitled to a bill of particulars regarding the identity of his co-conspirators.

## I. STANDARD OF REVIEW

A district court's review of a magistrate judge's order on nondispositive matters, such as those matters involved in the order at issue, is "extremely deferential." *See Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). This Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a).

## II. MOTION FOR SEVERANCE OF DEFENDANTS[1]

Cree objects that it was an error to deny his motion for severance of defendants because of potential Confrontation Clause issues and because he is named in only certain counts of the indictment. Cree claims that evidence concerning his co-defendants does not relate to him and will be highly prejudicial to him. He also alleges generally that he and his co-defendants have antagonistic defenses that will be reciprocally prejudicial.

Under Federal Rule of Criminal Procedure 8(b), defendants are properly joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). "[I]t is a well settled rule in [the Eighth C]ircuit that the propriety of joinder must appear on the

---

[1] A motion to sever is a nondispositive motion. *United States v. Ortiz*, No. 08-CR-231, 2011 WL 1344213, at *1 (E.D. Wis. Apr. 8, 2011). The Court's conclusion on the motion to sever would be the same even if it had reviewed this motion *de novo*, however.

face of the indictment." *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982). "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." *Id.* at 656. Courts must liberally construe Rule 8(b). *Id.* at 655.

The Court finds that the requirements of Rule 8(b) are met in this case. Cree is charged, along with his co-defendants, with knowing participation in an unlawful RICO conspiracy. In Count 2, the defendants are charged with a conspiracy to use and carry firearms during and in relation to a crime of violence. The remaining counts involve acts that were allegedly committed in furtherance of or in conjunction with the RICO conspiracy. Because the superseding indictment alleges that the acts taken by all defendants were acts in furtherance of a RICO conspiracy, the Court concludes that all of the accused criminal conduct stems from "the same series of acts or transactions, constituting an offense" under Rule 8(b).[2]

Federal Rule of Criminal Procedure 14 also applies to motions for severance. This Rule permits the Court, in its discretion, to sever otherwise properly joined defendants or

---

[2] *See United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) ("Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense."); *United States v. Houston*, 892 F.2d 696, 703 (8th Cir. 1989) ("[T]he initial joinder of the defendants was proper pursuant to [Rule] 8(b) because the indictment charged all of the defendants with participation in a single conspiracy and charged several of the defendants with various substantive counts arising from the same conspiracy." (footnote omitted)); *see also United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995) ("Each defendant may be held accountable for actions taken by other defendants in furtherance of the [RICO] conspiracy[.]").

offenses where a joint trial may result in prejudice to one of the defendants. Fed. R. Crim. P. 14(a). There is a preference for joint trials and less drastic measures than severance may suffice to alleviate the risk of prejudice. *Zafiro v. United States*, 506 U.S. 534, 537-39 (1993); *see also United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004). To grant a motion for severance, "the necessary prejudice must be severe or compelling." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) (internal quotation marks omitted). Prejudice is severe where the jury is incapable of compartmentalizing the evidence or the defendants' defenses are irreconcilable. *United States v. Frank*, 354 F.3d 910, 920 (8th Cir. 2004). In determining the jury's ability to compartmentalize the evidence, courts consider the complexity of the case and the adequacy of admonitions and instructions of the trial judge. *Pherigo*, 327 F.3d at 693. Generally, "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002). Furthermore, "a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants." *Pherigo*, 327 F.3d at 693.

Cree argues that he will be prejudiced by being associated with his co-defendants, particularly because certain counts do not specifically involve him. Cree has not identified specific evidence that the United States may introduce that will prejudice his trial, however. *See United States v. Garrett*, 961 F.2d 743, 746 (8th Cir. 1992) (holding that a defendant "must make a showing of real prejudice by demonstrating that the jury

was unable to compartmentalize the evidence" (internal quotation marks omitted)). The Court finds Cree's general concerns about the entry of evidence regarding his co-defendants to be an insufficient basis to sever the trial. This is particularly true because Cree is alleged to have committed crimes such as attempted murder in aid of racketeering. Cree's allegation that he will somehow be prejudiced by being associated with his co-defendants is not a sufficient basis to sever the trial in light of the crimes that he is personally alleged to have committed. Instead of finding undue prejudice, the Court concludes that "justice is best served by trying the members of [this] racketeering enterprise together because a joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *See United States v. Darden*, 70 F.3d 1507, 1527-28 (8th Cir. 1995) (internal quotation marks omitted).

Cree also alleges that his Confrontation Clause rights – presumably under *Bruton v. United States*, 391 U.S. 123 (1968)[3] – may be violated if his motion for severance is not granted. However, Cree has not identified any statements that would violate *Bruton* or otherwise be inadmissible against him. Accordingly, the Court finds this argument to be insufficient grounds on which to grant the motion for severance. Of course, Cree may object at trial to evidence that he deems unduly prejudicial or otherwise inadmissible.

Finally, the Court has weighed the inconvenience of having separate trials. This case involves a long history of many acts allegedly committed by members of the Native

---

[3] In *Bruton*, the Supreme Court held that the admission of statements from a nontestifying defendant that inculpated a co-defendant violated the latter's Confrontation Clause rights, despite a curative instruction otherwise. 391 U.S. at 135-36.

Mob. Having a joint trial under these circumstances "save[s] time and money for the courts, prosecutors, and witnesses." *See Darden*, 70 F.3d at 1527. This factor thus weighs in favor of denying the motion for severance. Considering the factors discussed above and the evidence presented, the Court will overrule Cree's objections to the denial of his motion to sever defendants.

### III. MOTION FOR SEVERANCE OF COUNTS

Cree also moves to sever counts in the indictment, severing counts 1-5 in which he is named and which concern the alleged assault of Amos Laduke from other counts in the indictment.[4] He argues that Rules 8 and 14 of the Federal Rules of Criminal Procedure require severance because the counts are not properly joined with the other counts in the indictment and because the joinder is prejudicial.

The Court finds that the requirements of Rule 8 are met here, for the reasons described above. Counts 1-5 stem from the same series of acts or transactions, constituting an offense, as the other counts in the indictment. *See United States v. Midkiff*, 614 F.3d 431, 439 (8th Cir. 2010) ("Rule 8(a) allows a single indictment to charge a defendant with multiple offenses if the offenses 'are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" (quoting Fed. R. Crim. P. 8(a))). Furthermore, the

---

[4] Cree objects to the Magistrate Judge's determination that Cree was, in fact, arguing that he should be severed from his co-defendants, as opposed to arguing that the respective counts against him be severed into separate indictments. (*See* Order at 39-40, Aug. 6, 2012, Docket No. 729.) The Court will assume for the purposes of this order that the Magistrate Judge's finding was incorrect and that Cree was moving that the Court sever the counts against him.

proof for the counts are overlapping and intertwined, as they are all allegedly connected to the racketeering enterprise of the Native Mob, making joinder appropriate. *See United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996) (considering whether the proof for counts "is overlapping and intertwined").

The Court also concludes that the requirements of Rule 14 are met and that there is not undue prejudice from trying the counts together. It appears that evidence regarding many, if not all, of the counts in the indictment would be admissible at Cree's separate trials on only those counts which name Cree because they are all tied to the alleged RICO conspiracy. *See United States v. Dierling*, 131 F.3d 722, 734 (8th Cir. 1997); *Davis*, 103 F.3d at 676; *Darden*, 70 F.3d at 1527. Even if this were not the case, however, Cree has not made a "specific showing" that a jury could not compartmentalize the evidence between counts or that he would otherwise be prejudiced by trying the counts together. *See United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006); *Davis*, 103 F.3d at 676. Accordingly, the Court will deny the motion to sever the counts.

## IV. DISCLOSURE OF INFORMANTS AND PRETRIAL INTERVIEWS

Cree also objects to the Magistrate Judge's determination that the United States need disclose the identity of certain confidential informants only seven days before trial. Cree had moved the Court for an order requiring the United States to provide him with the identities of certain informants at least thirty days before trial.[5] Cree now objects to

---

[5] Specifically, he requested the identities of all informants who were witnesses to or participants in the crimes charged in the indictment or crimes concerning which the United States

(Footnote continued on next page.)

the Magistrate Judge's conclusion that seven days' notice is sufficient to find and attempt to interview these informants because, he alleges, these informants tend to live on the fringe of criminal activity and can be hard to locate and interview.

Cree also objects to the Magistrate Judge's determination regarding whether the United States must produce confidential informants for pretrial interviews. Cree had moved for such production. Cree objects that the Magistrate Judge effectively denied the motion by leaving the matter to the discretion of the United States.

The Supreme Court has recognized a government privilege to withhold the identity of confidential informants in certain situations. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957). This privilege recognizes the obligation of citizens to report crimes, and "by preserving their anonymity, encourages them to perform that obligation." *Id.* However, where disclosure "is relevant and helpful to the defense or an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. The defendant bears the burden of showing that the informant's identity is material. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

In deciding whether to require disclosure, a court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. If the confidential informant is "an active participant

___

(Footnote continued.)

intends to introduce evidence at trial and whose identity would be relevant and helpful to the defense or essential to a fair determination of this case. Cree has raised no objection to the Magistrate Judge's determination about the identities of which informants the United States must disclose prior to trial.

or witness to the offense charged, disclosure will almost always be material to the accused's defense" and thus required. *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995).

"[W]here materiality is shown, the court owes a duty to make every reasonable effort to have the informant made available to the defendant to interview or use as a witness, if desired." *Harris v. Taylor*, 250 F.3d 613, 617 (8th Cir. 2001) (internal quotation marks omitted). Generally, a defendant is entitled to receive information regarding a material informant's whereabouts, in order to enable his counsel to interview the informant about any possible exculpatory information and to prepare for possible cross-examination. *See United States v. Webster*, 490 F.2d 435, 437 (8th Cir. 1974).[6] If an informant has information that could have exculpated a defendant, the failure to provide access to that informant can be grounds for reversal. *See United States v. Padilla*, 869 F.2d 372, 377 (8th Cir. 1989).

Here, as a preliminary matter, the Magistrate Judge held that the United States was required to disclose the identities and location of at least four informants who are necessary trial witnesses for the United States regarding the crimes allegedly committed

---

[6] Sometimes, however, the United States may not be aware of an informant's whereabouts. Once a defendant shows that an informant is a material witness, the United States must make every reasonable effort to make that informant available to the defendant to interview or use as a witness. *United States v. Padilla*, 869 F.2d 372, 376 (8th Cir. 1989). If the United States cannot discover the location of an informant despite making every reasonable effort to find him or her, there is no violation of the defendant's due process rights. *See United States v. Emory*, 468 F.2d 1017, 1020-21 (8th Cir. 1972).

by the defendants in this case.[7] There has been no objection to this determination, and the Court likewise finds that the disclosure of these witnesses is material to Cree's defense and thus the United States must disclose the witnesses' identities and other information[8] about them. *See Devose*, 53 F.3d at 206.

The first issue raised in the objections is whether the United States must disclose this information only seven days before trial or, as Cree requests, a longer period of time before trial. The Court finds that the Magistrate Judge's decision that the United States should provide this information seven days before trial is not clearly erroneous or contrary to law. Given the allegations of violence, witness tampering, and retaliation against a witness in this case, the Court affirms the Magistrate Judge's determination that providing more than seven days' advance notice of the informants' identities is unwarranted. *See, e.g.*, *United States v. Howard*, No. 5:12-CR-9-D, 2012 WL 2525625, at *4 (E.D.N.C. June 29, 2012) (ordering disclosure of the identities of confidential informants not later than five business days before trial); *United States v. Davis*, No. 06-C-215, 2007 WL 2220261, at *5-6 (E.D. Wis. Apr. 16, 2007) (considering safety of

---

[7] The Magistrate Judge also held that, to the extent that there is a fifth informant and that informant was an active participant in or witness to any of the crimes alleged against any of the remaining defendants, the United States will be required to provide the identity of that witness.

[8] The Magistrate Judge held that the United States must provide the names of the confidential informants who were active participants in the crimes with which the defendants are charged, along with notice as to what topics these informants will testify about at trial and any impeachment related evidence as to each informant. No party has objected to the information that the United States must provide; the only objection is regarding when the information must be provided.

confidential informants). Seven days' notice will appropriately balance Cree's rights with the protection of the confidential informants. *See Roviaro*, 353 U.S. at 62.

The Court must next address Cree's request that the United States make the informants available for an interview. The United States's disclosure obligation with respect to material confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant to request an interview or use the informant as a witness. *See Padilla*, 869 F.2d at 376-77. Here, the Court finds that Cree has not made a sufficient showing that the United States is required to produce the informants for an interview or that he will be unable to find the informants with seven days' advance notice of their identifying and other information. It is possible that the informants will refuse to speak to Cree, if contacted, but this possibility does not require that the United States produce the informants for interviews or encourage them to speak to Cree. *See United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984) (holding that "the defendant's right of access is not violated when the witness chooses of her own volition not to be interviewed"). The Court will thus affirm the Magistrate Judge's order because it adequately protects Cree's rights.[9]

---

[9] The Magistrate Judge held that the United States must disclose any Jencks Act materials from the informants at least three days prior to trial. Cree has made no specific objection to this finding, and, deeming it appropriate, the Court will affirm this ruling.

## V. BILL OF PARTICULARS

Cree next objects to the Magistrate Judge's denial of his request for an order granting a bill of particulars for more definite information pertaining to the indictment.[10] Cree requested, among other information, that the bill of particulars list the names of all persons whom the United States will claim at trial were his coconspirators, to the extent known to the United States. This request stems from the United States's allegation that Cree engaged in a RICO conspiracy with named defendants "together with others both known and unknown to the Grand Jury[.]" (*See* Superseding Indictment ¶ 20.) The Magistrate Judge denied Cree's request for a bill of particulars, stating that the indictment and discovery sufficiently enable Cree to divine the scope, duration, and extent of criminal activities of the enterprise and acts attributable to him. The Court will reverse this holding, in part, because a bill of particulars will enable Cree to prepare for trial and avoid or minimize the danger of unfair surprise at trial.

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). In certain

---

[10] Specifically, Cree claims that he is entitled to (1) the names of all persons whom the United States will claim at trial were coconspirators, to the extent known to the United States; (2) the dates that each alleged coconspirator joined the conspiracy; (3) the dates, locations, and participants of any meetings, conversations, or other communications through which the United States contends that each person joined or personally participated in the alleged conspiracy; (4) the names of all unindicted co-conspirators; (5) the names of any other, nonconspirator participants in the acts alleged in the indictment; (6) the names of all persons whom the United States will claim originated the conspiracy and when; and, (7) the names of all "others" "known and unknown to the Grand Jury" who the United States will claim knowingly conspired with Cree, as set forth in the indictment.

cases, courts may direct the United States to provide a bill of particulars that includes more information than is available in the indictment, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.[11]

> A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite.

*United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002). A bill of particulars is not intended to supplement discovery or to provide detailed disclosure of the United States's evidence at trial. *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006); *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). District courts have broad discretion in granting or denying a bill of particulars. *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993).

As a preliminary matter, the Court finds that the indictment in this case is sufficient to provide a plain, concise, and definite written statement of the essential facts of the offenses charged. *See* Fed. R. Crim. P. 7(c)(1); *Huggans*, 650 F.3d at 1217.

---

[11] "An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011) (internal quotation marks omitted); *see also United States v. Nabors*, 45 F.3d 238, 239-40 (8th Cir. 1995) (stating that an indictment that tracks the language of the charging statute is generally sufficient to meet the necessary criteria for an indictment, assuming the statute is clear). If an indictment meets this standard, it is sufficient on its face. *See Billingsley v. United States*, 16 F.2d 754, 755 (8th Cir. 1926). However, a legally sufficient indictment might still fail to apprise a defendant fully of what the defendant would be called upon to meet at the trial and to enable the defendant to prepare their defense. *Id.* In this situation, a motion for a bill of particulars is an appropriate remedy to secure a more specific statement of the facts. *Id.*; *see also United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007).

However, more information is needed through a bill of particulars to enable Cree to prepare for trial and avoid or minimize the danger of unfair surprise at trial. *See Hernandez*, 299 F.3d at 989-90. Specifically, the Court finds that Cree is entitled to the names of all persons whom the United States will claim at trial were co-conspirators, to the extent known by the United States.[12] Numerous courts have found that bills of particulars are warranted to provide the names of alleged co-conspirators.[13]

Here, Cree is accused of engaging in a racketeering enterprise through his membership in the Native Mob. According to the indictment, "the enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." (Superseding Indictment ¶ 14.) The purpose of the enterprise was to preserve and protect the power of the enterprise

---

[12] This includes, as Cree has requested, the names of all "others" "known and unknown to the Grand Jury," as stated in the indictment, whom the United States will claim at trial knowingly conspired with Cree.

[13] *See United States v. Allocco*, 801 F. Supp. 1000, 1003 (E.D.N.Y. 1992) ("While the indictment is detailed, the Court finds that the government must provide defendant with the names of 'the others' referred to in the indictment in order to allow defendant to properly prepare for trial."), *aff'd*, 29 F.3d 620 (2d Cir. 1994); *United States v. Lonzo*, 793 F. Supp. 57, 60 (N.D.N.Y. 1992) ("[G]iven the fact that the current practice of this Court has been to grant requests for the names of unindicted co-conspirators . . . – and that such information would enable defendant to make an informed decision as to any possible plea – Court grants the request that the Government disclose the names of unindicted co-conspirators[.]"); *United States v. Taylor*, 707 F. Supp. 696, 700 (S.D.N.Y. 1989) (ordering a bill of particulars for "[t]he names of all persons whom the government will claim at trial were co-conspirators, to the extent known to the government"); *United States v. Vastola*, 670 F. Supp. 1244, 1269-70 (D.N.J. 1987) (ordering the United States in a RICO case to disclose "the names of all co-conspirators or participants in the alleged offenses"); *United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985) ("It is well-settled that the government must identify undisclosed and unidentified co-conspirators, aiders and abettors, and other individuals involved in the criminal acts charged; especially where the government plans to call such persons as witnesses."), *aff'd in part*, 960 F.2d 1501 (10th Cir. 1992).

through intimidation and violence, among other activities, and the enterprise was carried out through regular meetings and other means. (*Id.* ¶¶ 15-16.) The Court finds that, to adequately prepare for trial, Cree must be aware of who the United States will claim at trial were his co-conspirators because this is a critical and basic aspect of the charges against him. Although many names of his alleged co-conspirators are already included in the superseding indictment, it is unclear if there are other co-conspirators to whom the United States also intends to reference at trial.

Before ordering the production of this information, however, the Court will allow the United States to demonstrate *in camera* that such disclosures might endanger the safety of the unnamed co-conspirators or other individuals. *See United States v. Vastola*, 670 F. Supp. 1244, 1270 (D.N.J. 1987) ("[T]he names of all co-conspirators or participants in the alleged offenses should be provided, except insofar as the Government can show, *in camera*, that such disclosures might endanger the safety of prospective witnesses." (internal quotation marks omitted)). The Court will order that, if the United States makes such an *in camera* submission to the Court, the submission must describe any restrictions that the Court could impose on the disclosure of the information that would be sufficient to protect the co-conspirators or other individuals.

The Court will not grant the remainder of Cree's request for a bill of particulars. Cree's request for information such as the names of unindicted co-conspirators who will not be discussed at trial and the dates, locations, and participants of any meetings that furthered the alleged conspiracy are requests for detailed disclosure of the United States's

evidence that are not, in this case, the proper subject of a bill of particulars.[14] Indeed, much of this information is unlikely to be introduced at trial. The indictment alleges that the Native Mob enterprise has existed since the 1990s and involves approximately 200 members. Cree's request for information about **all** co-conspirators, **all** meetings, and other such sweeping information about the enterprise is overbroad and not critical to his preparation for trial.[15] Accordingly, the Court will grant Cree's request for a bill of particulars in part.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS** in part and **OVERRULES** in part Defendant's objections [Docket No. 787]. The Order of the Magistrate Judge [Docket No. 729] is **AFFIRMED in part** and **REVERSED in part**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Bill of Particulars [Docket No. 410] is **GRANTED in part** and **DENIED in part** as follows:

    a. The Court will order, no later than January 8, 2013, unless changed following *in camera* review, if any, that the United States provide a bill of

---

[14] *See Wessels*, 12 F.3d at 750; *United States v. Climatemp, Inc.*, 482 F. Supp. 376, 390 (N.D. Ill. 1979) ("Numerous cases have denied particulars asking for details of conspiratorial meetings, what was said at each meeting, and all the acts of the co-conspirators tending to connect each of them to the alleged conspiracy."), *aff'd sub nom. United States v. Reliable Sheet Metal Works, Inc.*, 705 F.2d 461 (7th Cir. 1983).

[15] In addition, Cree's request for "the names of any other, nonconspirator participants in the acts alleged in the indictment" is both vague and overbroad.

particulars with the names of all persons whom the United States will claim at trial were co-conspirators, to the extent known by the United States.

  b.  The United States may submit to the Court, *in camera* and within three (3) business days of this order, a brief not to exceed ten (10) pages and supportive exhibits demonstrating that the bill of particulars might endanger the safety of the co-conspirators or other individuals. If the United States makes such an *in camera* submission to the Court, the submission must describe any restrictions that the Court might impose on the disclosure of the information to Cree that would be sufficient to protect the co-conspirators or other individuals.

  c.  The motion is otherwise **DENIED**.

 2. The Order of the Magistrate Judge is otherwise **AFFIRMED**.

DATED: December 12, 2012　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge