**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

                  Respondent,

v.

ANTHONY FRANCIS CREE,

                  Petitioner.

Criminal No. 12-26(4) (JRT/JSM)

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO VACATE**

---

Andrew S. Dunne, Andrew R. Winter, Charles J. Kovats, Jr., Michael L. Cheever, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent;

Aaron J. Morrison, **WOLD MORRISON LAW**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, for petitioner.

Plaintiff Anthony Francis Cree filed a Motion to Vacate his conviction and modify his sentence under 28 U.S.C. § 2255.  A jury found Cree guilty on all six counts against him; the convictions at issue in this motion are Conspiracy to Use and Carry of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) (Count 2) and Use and Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5).  Cree argues that his sentence should be vacated pursuant to *United States v. Davis*, in which the Supreme Court found Section 924(c)(3)(B)'s

"residual clause" definition of crime of violence to be unconstitutionally vague.  138 S. Ct. 2319, 2336 (2019).

The Court agrees that Cree's conviction on Count 2 must be vacated under *Davis*. However, because the Court finds that Cree's Count 5 predicate offenses fall under the "force clause" of the definition of crimes of violence, rather than the "residual clause," the Court will deny Cree's Motion as to Count 5.  Accordingly, the Court will grant in part and deny in part Cree's Motion to Vacate.

## BACKGROUND

In January 2012, a grand jury indicted Cree and others on multiple crimes related to their involvement in the Native Mob, a Minnesota gang.  (Indict., Jan. 19, 2012, Docket No. 1).  Cree was specifically charged with:

- Conspiracy to Participate in Racketeering Activity, 18 U.S.C. §§ 1961 *et seq.* (Count 1)
- Conspiracy to Use and Carry a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(o) (Count 2)
- Attempted Murder in Aid of Racketeering, 18 U.S.C. §§ 2, 1951(a)(5) (Count 3)
- Assault with a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. §§ 2, 1959(a)(3) (Count 4)
- Use and Carrying of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §§ 2, 924(c)(1)(A) (Count 5)
- Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)–(C), and 846 (Count 7)

(Redact. Supersed. Indict., Mar. 19, 2013, Docket No. 1096).  The superseding indictment offered Counts 1, 3, and 4 as predicate offenses for the charge in Count 5.  (*Id*. at 38.)  On

March 19, 2013, after a six-week trial, the jury convicted Cree on Counts 1–5, and 7. (Jury Verdict, Mar. 19, 2013, Docket No. 1100.) The jury found that conspiracy to participate in racketeering activities, attempted murder in aid of racketeering, and assault with a dangerous weapon in aid of racketeering (Counts 1, 3, and 4, respectively) were all predicate offenses for Cree's conviction on Count 5. (*Id.* at 4–5.) Conspiracy to participate in racketeering activities (Count 1) was the predicate offense for Cree's conviction on Count 2. (*Id.* at 3.) Cree was sentenced to 292 months, including 232 months for Counts 1, 2, 4, and 7 to be served concurrently with 120 months for Count 3; and 60 months for Count 5 to be served consecutively. (Sentencing J. at 2, Oct. 20, 2014, Docket No. 1444.)

In June 2019, the Supreme Court held in *United States v. Davis* that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). On June 18, 2020, Cree brought a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that the predicate offenses for Count 2 and Count 5 no longer qualify as "crimes of violence" after *Davis*. (Mot. Vacate, June 18, 2020, Docket No. 2011.)

## DISCUSSION

### I.    Standard of Review

Section 2255 provides a limited opportunity for federal prisoners to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).  Section 2255 motions are constrained by a one-year statute of limitations, which, as relevant here, begins to run on the date on which a newly recognized right is initially recognized right is initially recognized by the Supreme Court.  28 U.S.C. § 2255(f)(3).

## II.   ANALYSIS

### A.  COUNT TWO

The United States concedes that Cree's conviction for Conspiracy to Use and Carry a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) is invalidated because the predicate act (Count 1) no longer qualifies as a crime of violence after the Supreme Court's holding in *Davis*.  Because there is no dispute that Cree's § 924(o) conviction must be vacated, the Court will rely on the sentencing package doctrine to "vacate the entire sentence on all counts . . . [to] reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)."  *United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017) (quoting *Greenlaw v. United States*, 554 U.S. 237, 253 (2008)).  Under the sentencing package doctrine, the

trial court may "impose[] a sentence on the remaining counts longer than the sentence originally imposed on those particular counts, but yielding an aggregate sentence no longer than the aggregate sentence initially imposed."  *Greenlaw*, 554 U.S. at 253.

### B.  COUNT FIVE

The parties dispute whether the predicate offenses underlying Cree's Count 5 conviction for Use and Carrying of a Firearm During and in Relation to a Crime of Violence have been invalidated by the Supreme Court's holding in *Davis*.  Cree argues that his charge for conspiracy to participate in racketeering activity (Count 1) no longer qualifies as a predicate offense because it could only be considered a "crime of violence" pursuant to the "residual" clause of § 924(c)(3)(B).  The Court agrees.

However, the jury also cited Cree's convictions for attempted murder in aid of racketeering (Count 3) and assault with a dangerous weapon in aid of racketeering (Count 4) as predicate offenses for Count 5.  A defendant is guilty of violating § 924(c) if he used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime."   18 U.S.C. § 924(c)(1)(A).   Section 924(c)(3) defines a crime of violence as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B).  In *Davis*, the Supreme Court found that

- 5 -

the "residual clause" in § 924(c)(3)(B) is unconstitutionally vague in light of its holdings in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 576 U.S. 591 (2015).

Cree does not dispute that attempted murder in aid of racketeering and assault with a dangerous weapon qualify as crimes of violence under the force clause in § 924(c)(3)(A). Cree argues, however, that *Davis* applies because the indictment and the jury instructions provided that a defendant may be found guilty of these crimes on the basis of aider and abettor liability. However, the Court in *Davis* did not address the question of aider and abettor liability for crimes that fall squarely within the force clause, but the Eighth Circuit is clear that an aider or abettor is treated no differently than a principal under § 924(c)(3)(A). *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019).[1]

Cree also argues that the language of 18 U.S.C. § 1959 and Minnesota's aider and abettor statute (Minn. Stat. § 609.05), which was incorporated into the jury instructions, merge aider-abettor liability with conspiracy liability. Thus, Cree asserts that *Davis* applies because if his convictions for Counts 3 and 4 were based on conspiracy liability, they could only have been 924(c)(3) violations pursuant to the residual clause.

---

[1] The Eighth Circuit has similarly held that aider and abettor liability is applicable in the Armed Career Criminal Act context. *United States v. Gammell*, 932 F.3d 1175, 1180 (8th Cir. 2019) ("for the purposes of applying the ACCA, it matters not whether Gammell was convicted as a principal or aider or abettor; it matters only whether the substantive offense qualifies as a violent felony.").

However, to secure a conviction for Counts 3 and 4, the United States had to prove the elements of the substantive offenses, which are established in Minnesota state law. A Defendant may be found guilty of attempted murder if he: 1) acts with intent; 2) and premeditation; 3) to cause the death of a human being; and 4) takes a substantial step toward, and more than preparation for, the commission of the crime.   Minn. Stat. §§ 609.17; 609.185.  To prove assault with a dangerous weapon, the United States had to demonstrate that: a) Defendant used a dangerous weapon; b) to commit an assault. Minn. Stat. § 609.222, subd. 1.[2]

Therefore, Cree could not have been found guilty merely on the basis of conspiracy liability, because the substantive offenses included elements of use, attempted use, or threatened use of physical force.[3]  Further, the Court finds that the mere presence of the word "conspires" in the statutes does not convert aider and abettor liability to conspiracy liability.  As noted in the concurrence in *United States v. Gammell*, "[c]onspiracy and

---

[2] Section 1959 establishes the elements for the "aid of racketeering" portion of the offenses: 1) there must be an enterprise; 2) that is engaged in racketeering activity; 3) that is engaged in, or the activities of which affect, interstate or foreign commerce; and 4) the Defendant, for the purpose of gaining entrance to or maintaining or increasing position in the enterprise; 5) commits, attempts, or conspires to commit murder or assault with a dangerous weapon (among other crimes).  18 U.S.C. § 1959.  As discussed above, the use of the word 'conspires' in this section does not impact the United States' burden to prove the substantive elements of attempted murder and assault with a dangerous weapon, which foreclose liability based solely on conspiracy without actual use, attempted use, or threatened use of force.

[3] *See also United States v. Castleman*, 572 U.S. 157, 170–71 (2014) ("the knowing or intentional application of force is a "use" of force. . . [t]hat the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."); *McCoy v. United States*, 960 F.3d 487, 490 (8th Cir. 2020) (finding that even causing injury through "indirect means such as poison constitutes a use of force."); *United States v. Rice*, 813 F. 3d 704, 706 (8th Cir. 2016) (same).

aiding and abetting are not coterminous," and "the statute's use of the word 'conspires'
to describe a potential method of aiding and abetting, on its own" does not "conflate[]
conspiracy liability, for which Minnesota has a separate statute, with aiding and abetting
liability." 932 F.3d 1175, 1184 (8th Cir. 2019) (Kobes, J. concurring) (citing *Nye & Nissen v.
United States*, 336 U.S. 613, 620 (1949); Minn. Stat. § 609.175). "In proscribing aiding and
abetting, Congress used language that 'comprehends all assistance rendered by words,
acts, encouragement, support, or presence,' even if that aid relates to only one (or some)
of a crime's phases or elements." *Rosemond v. United States*, 572 U.S. 65, 73 (2014)
(quoting *Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993). The Court, accordingly, does
not find that the word "conspires" in § 1959 or the Minnesota statute expanded the
elements of the crimes beyond the force requirements of § 924(c)(3)(A), nor did it convert
aider and abettor liability to a substantive conspiracy offense.

Because *Davis* does not provide Cree the relief that he seeks, his claim fails on
the merits and the Court need not address the parties' procedural arguments.

## III.    CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has
made a substantial showing of the denial of any federal constitutional right." *Copeland v.
Washington*, 232 F.3d 969, 977 (8th Cir. 2000); *see also* 28 U.S.C. § 2253(c)(2). The
petitioner must show that "the issues are debatable among reasonable jurists, a court
could resolve the issues differently, or the issues deserve further proceedings." *Flieger v.

*Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000).  The Court finds it unlikely that another court would decide the issues raised in

Cree's motion differently and the issues are not debatable or deserving of further

proceedings. The Court therefore concludes that Cree has failed to make the required

substantial showing of the denial of a constitutional right and will deny a Certificate of

Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Petitioner Anthony Francis Cree's Motion to Vacate [Docket No. 2011] is

   **GRANTED** as to Count 2 and **DENIED** as to Count 5;

2. Cree's conviction for Conspiracy to Use and Carry Firearms During and in

   Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) (Count 2) is

   **VACATED**;

3. The Court will resentence Mr. Cree in person as soon as it is practicable; and

4. The Court does **NOT** certify for appeal the issues raised in Petitioner's Motion

   under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 8, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge